IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
for the
ATLANTA DIVISION

----------------------------------

ON APPEAL

FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

----------------------------------

| | | |
|---|---|---|
| In Re: | * | |
|    Ronald Andrew Poch, | * | Case No. 08-68429-MHM |
|    Debtor | * | Chapter 7 |
| * * * * * * | * | * * * * * * |
| Ronald Andrew Poch | * | |
|    Appellant/Plaintiff, | * | Civil No. 1:09-cv-0450 |
|    v. | * | |
| Donald F. Walton, | * | |
| United States Trustee | * | |
| Tamara Miles Ogier | * | |
| Chapter 7 Trustee. | * | |
|    Defendant/Appellees. | * | |
| * * * * * * * | * * * * * * | |

APPEAL OF ORDERS OF THE
UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
CASE NO. 08-68429

APPELLANT'S REPLY TO BRIEF OF APPELLEE

DATE: June 30, 2009

1

## TABLE OF CONTENTS

| | |
|---|---|
| Table of Contents | 2 |
| Table of Authorities | 3 |
| Reply Arguments | 4 |
| Reply to the Appellee's Statement Of Basis Of Appellate Jurisdiction | 4 |
| Reply to the Appellee's Statement Of Facts | 5 |
| Reply to Appellee's Argument 1 | 6 |
| Reply to Appellee's Argument 2 | 7 |
| Reply to Appellee's Argument 3 | 10 |
| Reply to Appellee's Argument 4 | 10 |
| Reply to Appellee's Argument 5 | 11 |
| Reply to Appellee's Argument 6 | 12 |
| Reply to Appellee's Argument 8 | 12 |
| Memorandum of Law | 12 |
| Conclusion | 14 |
| Certificate of Service | 14 |

## TABLE OF AUTHORITIES

| | |
|---|---:|
| Federal Rules of Bankruptcy Procedure Rule 9006 | 4 |
| Federal Rules of Bankruptcy Procedure Rule 8002 | 4, 5 |
| Federal Rules of Bankruptcy Procedure Rule 8003 | 4, 5 |
| Federal Rules of Bankruptcy Procedure Rule 2004 | 6, 7, 8, 9, 11, 14 |
| Federal Rules of Bankruptcy Procedure Rule 5009 | 8, 10, 12 |
| Title 11 U.S.C. Section 727 | 8 |
| Title 11 U.S.C. Section 341 | 7, 8, 9 |
| Title 11 U.S.C. Section 704 | 7, 8, 10, 12 |
| Title 11 U.S.C. Section 707 | 8, 9, 13 |
| Lauro Lines s.r.l. v. Chasser et al., 490 U.S. 495 (1989) | 5 |
| In re Cheryl Duffie Molitor, Chapter 7 Case Number 07-11472, Southern District of Georgia, Augusta District | 9 |
| Taylor v. Freeland and Kronz, 503 U.S. 638, 644, 112 S.Ct. 1644, 1648 (1992) | 9 |
| In re Perrotta, 2007 WL 4173491, at *3 (Bankr. D. N.H. Nov. 21, 2007) | 9 |
| Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000) | 12 |
| Blue Cross Blue Shield of Alabama v. Weitz, 913 F.2d 1544, 1549 (11th Cir. 1990). | 12 |
| Gannett v. Carp (In re Carp), 340 F.3d 15, 25-26 (1st Cir. 2003) | 13 |
| LaRoche v. Amoskeag Bank (In re LaRoche), 969 F.2d 1299, 1305 (1st Cir. 1992) | 13 |
| In re 604 Columbus Ave. Realty Trust, 968 F.2d 1332, 1343 (1st Cir. 1992) | 13 |
| Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) | 13 |
| In re Perez, 30 F.3d 1209, 1213 (9th Cir. 1994) | 13 |
| First Bank Investors' Trust v. Tarkio College, 129 F.3d 471, 477 (8th Cir. 1997) | 13 |
| Amtech, 230 B.R. at 140 n.13; see also Drewes v. Schonteich, 31 F.3d 674, 678 n.6 (8th Cir. 1994) | 13 |
| Stumpf v. Albracht (Matter of Snover), 982 F.2d 275, 277 (8th Cir. 1992) | 13 |
| United States Trustee v. Harris. 960 F.2d 74, 77-78 (8th Cir. 1992) | 13 |

---

**Reply Arguments**

---

I.  **Reply to the Appellee's "Statement Of Basis Of Appellate Jurisdiction," page 1, Appellee's Brief:**

Bankruptcy Rule 8003(c), (c) states:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.

On page 1 of its Brief, Appellee states: "This court has jurisdiction under 28 U.S.C. § 158(a) to hear appeals from 'interlocutory orders and decrees of bankruptcy judges' entered in bankruptcy cases, but only 'with leave of court'…. To date, this court has not granted leave to hear this appeal, and the United States Trustee contends, in Section 1 of the Argument portion of this Brief, that such leave should not be granted." On page 7 Appellee states: "On February 13, 2009…the bankruptcy court entered an order denying the motion", i.e., Appellant's Motion For Leave To Appeal (Bkrtcy Dkt. # 104 – not in Appeal Record). Appellee is presenting a misleading argument

Appellant filed a Motion to Extend Time For Leave To Appeal (Bkrtcy Dkt. # 99 – also not in the record), and it is this Motion that the bankruptcy court denied. The Court's ruling clearly states this:

> Pursuant to Bankruptcy Rule 8002(a), a notice of appeal must be filed within ten days after entry of the order appealed. Pursuant to Bankruptcy Rule 8003(c), a motion for leave to appeal must also be filed within ten days after entry of the order the party seeks to appeal. Pursuant to Bankruptcy Rule 8002(c), a motion for extension of time must be filed before the deadline for filing the notice of appeal expires. Pursuant to Bankruptcy Rule 9006(a), Debtor's notice of appeal and motion for extension of time

> were timely filed. As Debtor's notice of appeal was timely filed, no extension of time is necessary.
>
> Pursuant to Bankruptcy Rule 8003(c), a notice of appeal filed when a motion for leave to appeal is required, the district court (to whom a motion for leave to appeal is directed) may grant leave to appeal or direct that a motion for leave to appeal be filed. Therefore, if the notice of appeal is timely, seeking an extension of time to file a motion for leave to appeal is arguably unnecessary. Accordingly, it is hereby
>
> **ORDERED** that Debtor's Motion for Extension of Time to File Appeal and Leave to Appeal is *denied* as unnecessary (**Excerpted from Bankruptcy Order, Dkt. # 104**).

The Bankruptcy court reasoned that because "Debtor's notice of appeal and motion for extension of time were timely filed...seeking an extension of time to file a motion for leave to appeal is arguably unnecessary."

This court has already granted to hear Debtor's appeal and has not directed that a motion for leave to appeal be filed under Rule 8002(a), making this issue moot.

II.   <u>Reply to the Appellee's "Statement Of Facts," page 9, Appellee's Brief:</u>

Again, Appellee is seeking to obfuscate the true nature of this Appeal by proffering a false premise that this "Interlocutory Appeal Arises from a Simple Discovery Dispute and Involves No Controlling Issue of Law." In his Appeal Brief, Appellant clearly outlines the issues that give rise to this Interlocutory Appeal: "This is an Interlocutory Appeal of two Orders entered by the Honorable Judge Margaret Murphy in Appellant's Bankruptcy Case, specifically, Bankruptcy Dkt. # 86, Order Denying Debtor's [Appellant's] Motion for Discharge, and Bankruptcy Dkt. # 87, Order Granting the United States Trustee's Motion For Extension Of Deadlines" – see also, the following Item III.

III.   <u>Reply to Appellee's **Arguments 1,** page 16, Brief of Appellee:</u>

   1. **Poch's Motion for Leave to Appeal Should Be Denied, as this Interlocutory Appeal Arises from a Simple Discovery Dispute and Involves No Controlling Issue of Law.**

Appellee seeks to obfuscate the true nature of this Appeal (see: Item II, supra) by designating it to be something it is not .Indeed, Appellant's Appeal is not about a "Simple Discovery Dispute" as there was no "discovery dispute" in Appellant's bankruptcy case, and such was not argued by Appellant in his Brief on Appeal. However, Appellant did argue Appellee's dilatory actions, Appellee's failure to comply with discovery rules, and other issues related to Appellee's Motion for Rule 2004 Examination (See: Appellant's Appeal Brief, page 17, Argument IV), issues that Appellee did not address in its Brief On Appeal.

Appellant thoroughly briefed the law and facts pertaining to the issues that give rise to this Appeal in his bankruptcy case (See: Bkrtcy Dkt. #'s 23, 24, 25, 26, 34, 38, 45, 49, 50, 56, 59, 67, 75, & 79 – all submitted in this Appeal by Appellant). The UST did not designate any items on Appeal, nor could he because he did not dispute or rebut any of the issues raised by Appellant in his bankruptcy case. Therefore, not only is Appellee's Argument # 1 based on a false premise, Appellee did not designate items in record on Appeal. Appellee has nothing in the record to support the "new" arguments raised in its Brief on Appeal. Simply put, in order for the Appellee to raise arguments on appeal, those arguments would have to have been first raised and litigated in the bankruptcy court, and then included in the record on Appeal. The UST failed to make any such argument in Appellant's bankruptcy case and, as a matter of law, cannot raise "new" arguments here on Appeal. See: "Memorandum of Law, infra.

IV.  Reply to Appellee's **Arguments 2, page 14, Brief of Appellee:**

    **2. The Bankruptcy Court Did Not Abuse Its Discretion in Granting the United States Trustee's Motion to Extend the Deadlines for Filing a Section 707(b) Motion to Dismiss or Section 727 Objection to Discharge.**

Appellee is again obfuscating issues in this Appeal. Appellant did not argue either grounds for a Rule 2004 examination or the effects of a dismissal. Appellee spent two pages addressing these two issues in its Brief (½ of page 16, all of page 17, and ½ of page 18) when they have no bearing on this Appeal because Appellant did not argue the merits of a Rule 2004 examination or the effects of a dismissal. Appellant did, however, raise collateral issues (See: Statement of issues, Brief of Appellant, page 6, items 4 through 14. Appellee did not address even one of the issues raised by Appellant. Moreover, Appellant attended a Rule 2004 examination and spent four hours truthfully answering each question asked by the UST.

Appellee then states: "Poch [Appellant] obviously would prefer to receive a chapter 7 discharge without providing the information and records sought by the United States Trustee in connection with the Rule 2004 examination.". (page 18, bottom para.):

Contrary to Appellee's claims, Appellant filed all bankruptcy petition filings, statements, certifications, etc. Those documents were in the UST's possession at the 341(a) meeting of creditors where Appellant was questioned by both the UST's office and by the Chapter 7 trustee. Following the 341 meeting, the Chapter 7 trustee filed her "Trustee's No Distribution Report." The UST made no objection to the Chapter 7 trustee's Report, nor did the UST file a § 704(b) presumption of abuse statement in order to obtain an additional thirty (30) days to show cause to extend deadlines for filing a motion to dismiss or objection to discharge. Pursuant to Title 11 U.S.C. § 704 (b)(1) (A),[1] the United States Trustee, if he had reason to believe abuse existed, was required to file a § 704(b)(1) "10 day" statement stating "as to

---

[1] 704 (b)(1) (A) states, [T]he United States trustee…shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under § 707(b).

whether the debtor's case would be presumed to be an abuse under section **707(b)**" (emphasis added). Here, as with other issues raised by Appellee, Appellee did not rebut these issues in the Bankruptcy Court and cannot now address them here.

Appellee further waited thirty-five days after completion of the 341 meeting to file a Rule 2004 Motion. According to Rule 5009:

> If in a chapter 7 bankruptcy...trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered.

The Chapter 7 trustee certified and filed her Report on June 11, 2008. The UST did not object to the Chapter 7 trustee's Report, and the thirty-day time frame for objecting expired on July 11, 2008. On July 16, 2008, five days after the expiration of the Rule 5009 thirty-day time frame, the UST filed his Rule 2004 Motion.

The UST then waited until August 11, 2008, to file its Motion requesting the "Court to enter an order extending the deadline for filing a motion to dismiss under section 707(b) and the deadline for filing a complaint under section 727 to November 10, 2008."

Appellant maintains that the UST's failure to file the above-noted Motions within mandatory timeframes, and fail to "show cause" for the motions, was dilatory and diminished Appellant's legitimate interest in a prompt and speedy resolution of his bankruptcy.

In the case, *In re Cheryl Duffie Molitor*, Chapter 7 Case Number 07-11472, Southern District of Georgia, Augusta District, the court, in denying the UST's Motion For Extension of Time found:

- The movant seeking an extension of time must "establish at least a reasonable degree of due diligence to be accorded the requested extension." Stonham, 317 B.R. at 547;

- The United States Trustee's Motion to Extend Deadlines must specify the "cause" necessitating the extension request;
- The UST may only obtain additional time with a showing of "cause."
- That allowing the UST additional time when he has failed to diligently investigate would ignore the mandated deadlines and diminish a Debtor's legitimate interest in a prompt and speedy resolution of his/her bankruptcy case.

Like the UST in *Molitor*, supra, so here, the UST in Appellant's bankruptcy case failed to show "cause" for its Motion To Extend Deadlines, and he also failed to "establish at least a reasonable degree of due diligence."

The record supports that the UST was not diligent in pursuing his administration of Appellant's bankruptcy case. The UST had sufficient time within the mandatory deadlines to make a determination of abuse, bad faith, or a totality of circumstances. Appellant cooperated with both the UST and the Chapter 7 trustee by providing all required filing documentation, by submitting to the 341(a) meeting of creditors and to a four (4) hour rule 2004 examination. The Supreme Court has made it clear that deadlines in the Federal Rules of Bankruptcy Procedure mean what they say, and that violations of such deadlines cannot be ignored or excused; *Taylor v. Freeland and Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 1648 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality").

In the case, *In re Perrotta*, 2007 WL 4173491, at *3 (Bankr. D. N.H. Nov. 21, 2007), the United States Trustee was also seeking a Rule 4004 Order To Extend Deadlines so it could determine whether the debtor's case should be presumed abuse pursuant to §707(b). The court denied the request, concluding that the United States Trustee should have relied upon existing information filed by the Debtor to make the initial determination under §704.

Again, the UST inappropriately makes his argument for the first time on Appeal. The UST waived his argument by remaining silent in the bankruptcy court. As stated above, Appellant addressed the law as written and supported it with applicable court rulings (See: Bkrtcy Dkt. #'s 23, 24, 25, 26, 34, 38, 45, 49, 50, 56, 59, 67, 75, & 79). The UST failed to respond to or rebut any of the arguments raised by Appellant in bankruptcy court. Therefore, Appellee cannot now make "new" arguments on appeal.

V. Reply to Appellee's **Argument 3**, page 19, Brief of Appellee:

> 3. **The Bankruptcy Court Did Not Abuse its Discretion in Denying Poch's Motion for the Immediate Entry of a Chapter 7 Discharge.**

Appellant has the indisputable right to rely on the information contained in the Bankruptcy Court's electronic case file. In Appellant's bankruptcy case, the Bankruptcy Court's electronic case file records show that the Chapter 7 Trustee filed her "final report and final account" on June 11, 2008, certifying, pursuant to FRBP 5009, that Appellant's estate "…has been fully administered." FRBP § 5009 states, "…if within 30 days [of the date the Chapter 7 trustee files her Report] no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered." No objections to the Chapter 7 trustee's Report were filed, nor was the presumption that Appellant's estate was "fully administered" challenged or overturned. Therefore, without a motion to dismiss or an objection to discharge, it was an abuse of discretion for the Bankruptcy Court to deny Appellant's motion for Discharge.

VI. Reply to Appellee's **Argument 4,** page 20, Brief of Appellee:

> 4. **The Court Did Not Violate Poch's Due Process Right or Otherwise Err in Granting the United States Trustee's Motion to Examine Him Pursuant to Fed. R. Bankr. P. 2004 on an Ex Parte Basis.**

Given the fact that no "discovery dispute" existed when Appellee filed its Motion for Rule 2004 Examination, and given the fact that the UST never declared a "Contested Matter" or initiated an "Adversarial Proceeding" against the Debtor, and given the fact that Appellee never contacted Appellant to "make a good faith effort" to resolve by agreement any disputes with regard to an examination and production of documents under Bankruptcy Rule 2004,[2] both the UST and the Court violated Debtor/pro se's Due Process Right.

In Appellant's bankruptcy there were no requests for admissions, no requests for production of documents, no objections, no failure to respond, no good faith effort to resolve, prior to the UST's motion to compel, because there was no discovery dispute when Appellee filed its Motion To Compel Discovery Pursuant to FRBP 2004.

Therefore, the bankruptcy court's Granting Of The United States Trustee's Motion to Compel Discovery when there was no discovery dispute, and when Appellee had not complied with discovery rules, and without the court providing Appellant the required ten (10) days to object, and to grant, "ex parte", Appellee's Rule 2004 Motion without a hearing, was in fact a denial of Appellant's due process rights.

Once again, the UST is making a new argument on appeal that was not raised in the bankruptcy court. Indeed, Appellant addressed the law as written and supported it with applicable court rulings ( Bkrtcy Dkt. #'s 23, 24, 25, 26, 34, 38, 45, 49, 50, 56, 59, 67, 75, & 79).

---

[2] BLR 2004-1 states, "Counsel and unrepresented persons shall have the duty to make a good faith effort to resolve by agreement among themselves any disputes with regard to an examination and production of documents under Bankruptcy Rule 2004, including its scheduling, its scope, its length, and the production of documents."

The UST did not respond to or rebut any of the arguments raised by Appellant in his bankruptcy and, therefore, the UST cannot now make "new" arguments in this Appeal.

VII.  Reply to Appellee's **Argument 5, page 22, Brief of Appellee:**

> **5. The Filing of a Report of No Distribution Has No Bearing on the Availability of Relief under Section 707(b) or Section 727.**

Quite the contrary, the Chapter 7 trustee's filing of a Report stating that Appellant's estate "has been fully administered" commences the Rule 5009 30-day time frame for filing objections. No objections were filed in Appellant's bankruptcy case and, pursuant to Rule 5009, the time frame for filing objections expired on July 30, 2008.

Here again, because Appellee did not respond to or rebut any of the arguments raised by Appellant in the bankruptcy court, Appellee waived its right to raise this argument on Appeal.

VIII.  Reply to Appellee's **Argument 7, page 24, Brief of Appellee:**

> **7.  The United States Trustee Was Not Required to File a Statement under Section 704(b) as to Whether the Case Was Presumed to Be Abusive as a Prerequisite to Filing a Motion to Dismiss the Case as Abusive under Section 707(b)(3).**

The requirement for the UST to file a statement under § 704(b) was meticulously briefed by Appellant in the bankruptcy court (Bkrtcy Dkt.#'s 34, 38, 45, & 50). Appellee did not respond to or rebut the arguments Appellant raised.

IX.  Reply to the Appellee's **Argument # 8** on page 28 of Appellee's Brief:

> **8.  The Record Contains No Support for Poch's Contentions that the Bankruptcy Court Failed to Consider Any of His Various Pleadings.**

Appellant's "various pleadings" stand unchallenged by Appellee. They were not addressed in the bankruptcy court's findings, leaving Appellant to believe that the court did not give due consideration to them.

## MEMORANDUM OF LAW

It is well established at law that parties cannot raise new issues on Appeal: "Arguments raised for the first time on appeal are not properly before this Court." *Hurley v. Moore, 233 F.3d 1295, 1297 (11th Cir. 2000); see also Blue Cross Blue Shield of Alabama v. Weitz, 913 F.2d 1544, 1549 (11th Cir. 1990).* "A party's failure to advance an issue before the bankruptcy court in the first instance forfeits its right to raise that issue on appeal." *See Gannett v. Carp (In re Carp)*, 340 F.3d 15, 25-26 (1st Cir. 2003); argument not raised before the bankruptcy court will not be considered on appeal); *LaRoche v. Amoskeag Bank* (In re LaRoche), 969 F.2d 1299, 1305 (1st Cir. 1992) (same) (citing *In re 604 Columbus Ave. Realty Trust*, 968 F.2d 1332, 1343 (1st Cir. 1992); "That a party may not advance an argument for the first time on appeal is a virtually ironclad rule in this circuit. . ." *In re Carp*, 340 F.3d at 26 (internal quotation marks omitted); "arguments not asserted in the trial court are waived and will not be considered for the first time on appeal" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002); Generally, "an argument must be presented to the bankruptcy court before it may be considered on appeal." *In re Perez*, 30 F.3d 1209, 1213 (9th Cir. 1994). See also *First Bank Investors' Trust v. Tarkio College*, 129 F.3d 471, 477 (8th Cir. 1997) (holding that, particularly as to factual issues, an appellate court will generally not consider issues not presented to the bankruptcy court in the first instance).

In the instant appeal before this Honorable Court the United States Trustee has submitted a response to Appellants appeal, in which, the United States Trustee's response is almost entirely predicated upon arguments which the United States Trustee raises for the first time on appeal: the arguments were never raised or presented to the bankruptcy court for its consideration. The United States Trustee waived its right to these arguments by silence in the

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2009, I served copies of this Reply Brief by first class mail on the following parties:

James H. Morawetz  
United States Department of Justice  
362 Richard B. Russell Building  
75 Spring Street, S.W.  
Atlanta, Georgia, 30303.

Martin P. Ochs  
United States Department of Justice  
Office of the United States Trustee  
362 Richard B. Russell Building  
75 Spring Street, S.W.  
Atlanta, Georgia, 30303

_____  
Ronald Andrew Poch