IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

RONALD ANDREW POCH,

                Appellant,

v.

DONALD F. WALTON, United
States Trustee, Region 21; TAMARA
MILES OGIER, Chapter 7 Trustee,

                Appellees.

1:09-cv-0450-WSD

**OPINION AND ORDER**

This matter is before the Court on Appellant Andrew Poch's ("Appellant") Appeal of Orders of the United States Bankruptcy Court for the Northern District of Georgia, Case No. 08-6849 [13].

**I.    BACKGROUND**

On May 5, 2008, Appellant commenced his bankruptcy case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. After reviewing the Appellant's bankruptcy petition, Appellee United States Trustee Donald F. Walton ("U.S. Trustee") moved the bankruptcy court for a Rule 2004

examination[1] of Appellant to determine whether sufficient cause existed to seek dismissal of the chapter 7 bankruptcy case as abusive pursuant to 11 U.S.C. § 707(b) or to file a complaint objecting to Appellant's discharge pursuant to 11 U.S.C. § 727.  On July 16, 2008, this motion was granted by the bankruptcy court.

The U.S. Trustee's deadline to file a Section 707(b) motion to dismiss or a Section 727 objection to chapter 7 discharge was August 11, 2008.  On August 11, 2008, the U.S. Trustee commenced, but did not conclude, the Rule 2004 examination of Appellant.  The U.S. Trustee discovered during the Rule 2004 examination that Appellant had failed to provide certain documents and information required by the U.S. Trustee to be produced.  As a result, on August 11, 2008, the U.S. Trustee moved for an extension of the Section 707(b) and Section 727 deadlines ("Motion for Extension of Deadlines").  Appellant objected to the requested extension and moved for an immediate discharge (the "Motion for Immediate Discharge").

On January 30, 2009, the bankruptcy court granted the U.S. Trustee's Motion for Extension of Deadlines and denied Appellant's Motion for Immediate Discharge.  The Bankruptcy Court found that the U.S. Trustee was entitled to an

---

[1] A Rule 2004 examination is a basic discovery procedure where an individual or entity may be compelled to appear and produce documents related to the bankruptcy case.

extension because Appellant had not provided the U.S. Trustee with sufficient information to allow the U.S. Trustee to determine whether cause existed to file a motion under either Sections 707(b) or Section 727, and because Appellant failed to show any facts that would support a denial of the Motion for Extension of Deadlines.  Because the Motion for Extension of Deadlines was granted allowing the U.S. Trustee additional time to move to dismiss the petition or object to discharge, the Bankruptcy Court necessarily denied Appellant's Motion for Immediate Discharge.

On January 9, 2009, Appellant filed, pursuant to 28 U.S.C. § 158(a), his notice of appeal of the Bankruptcy Court's two orders excluding the Section 707(b) and 727 filing deadlines.  28 U.S.C. § 158(a) allows appeals of bankruptcy orders as follows:

> **(a)** The district courts of the United States shall have jurisdiction to hear appeals
>
> > **(1)** from final judgments, orders, and decrees;
> >
> > **(2)** from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> >
> > **(3)** with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this

subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Also on January 9, 2009, Appellant filed with the Bankruptcy Court a "Motion for Extension of Time to File Appeal and Leave to Appeal" pursuant to Bankruptcy Rule 8003. Bankruptcy Rule 8003 sets forth the procedural requirements for requesting leave to appeal. It states:

> **(a) Content of motion; answer**
>
> A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 14 days after service of the motion, an adverse party may file with the clerk an answer in opposition.
>
> **(b) Transmittal; determination of motion**
>
> The clerk shall transmit the notice of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court or the clerk of the bankruptcy appellate panel as soon as all parties have filed answers or the time for filing an answer has expired. The motion and answer shall be submitted without oral argument unless otherwise ordered.
>
> **(c) Appeal improperly taken regarded as a motion for leave to appeal**
>
> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of

appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 14 days of entry of the order.[2]

## II.  DISCUSSION

The threshold issue is whether Appellant should be granted leave to appeal the two interlocutory orders.[3]  28 U.S.C. § 158(a) gives district courts discretion to grant interlocutory appeal from bankruptcy cases.  Id.  When deciding whether to grant leave to appeal an interlocutory order of a bankruptcy court, district courts apply 28 U.S.C. § 1292(b) standards which govern circuit court decisions to grant interlocutory appeals from district courts.  In re Allied Holdings, Inc., et al., 376 B.R. 351, 357-58 (N.D. Ga. 2007); Ashoka Ent. v. Ford Motor Credit Corp., 156 B.R. 343, 346 (S.D. Fla. 1993).  Applying § 1292(b) in a bankruptcy order appeal context, an interlocutory appeal is allowed where an appellant can show that: (1) the bankruptcy court's decision involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question of law; and (3) an immediate appeal from the order would materially advance the ultimate

---

[2]  The Bankruptcy Court denied Appellant's Motion for Extension of Time to File Appeal and Leave to Appeal, because, under Bankruptcy Rule 8003(c), it was within the district court's discretion to determine if it would require Appellant to file a motion for leave to appeal.

[3]  Appellant's Notice of Appeal and the parties' appellate briefs thoroughly set forth the issues to be determined on appeal.  An independent Motion for Leave to Appeal therefore is not required.

termination of the litigation. In re Auto Dealer Servs., Inc., 81 B.R. 94, 96 (M.D. Fla. 1987) (citing 28 U.S.C. § 1292(b)).

Interlocutory appeals of the orders of Bankruptcy Courts are allowed in limited circumstances.

> The appeal from interlocutory orders [is allowed] . . . only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided . . . . It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.

McFarlin v. Conseco Servs., 381 F.3d 1251, 1257 (11th Cir. 2004) (quoting the report from the Judicial Conference of the United States Courts proposing the addition of § 1292(b)). Interlocutory appeals are meant to be extraordinary and it must be shown that an interlocutory appeal is necessary. The burden of proof to show that exceptional circumstances exist allowing an appeal, and that the three requirements of section 1292(b) have been met, rest on the appellant. Patrick v. Dell Fin. Servs., 366 B.R. 378, 385 (M.D. Pa. 2007).

Appellant seeks leave to appeal two orders which relate to the extension of discovery, and, consequently, motion practice, in his bankruptcy proceeding. "In general, discovery orders do not present 'controlling questions of law' capable of significantly advancing litigation so as to justify interlocutory appeal." State of

Florida ex rel. Butterworth v. Industrial Chemicals, 145 F.R.D. 585, 589 (N.D. Fla. 1991) (citing North Carolina Assoc of Black Lawyers v. North Carolina Bd. of Law Examiners, 538 F.2d 547, 548-59 (4th Cir. 1976)). The Bankruptcy Court's order granting the U.S. Trustee an extension of time is a discretionary order to provide the U.S. Trustee more time to take discovery and to file appropriate motions or objections. The grant of that extension required the Bankruptcy Court to deny Appellant's Motion for Immediate Discharge.[4] There is no question of controlling law at issue with respect to these orders, nor do these orders demonstrate "substantial ground for difference of opinion as to that question of law." One is an order resolving a discovery dispute[5], the other was an order which essentially stated discharge could not be considered until the allowed discovery was completed. Thus, it too was a scheduling-type order. Based on the nature of

---

[4] It bears noting that Appellant's Motion for Immediate Discharge is a transparent attempt to moot the U.S. Trustee's request for an extension of time and to avoid providing the information and records requested by the U.S. Trustee.

[5] This discovery dispute does not differ from the type of routine discovery disputes from which interlocutory appeals are discouraged on the ground that they contravene the policy against piecemeal litigation. See, e.g., Hyde Construction Co. v. Koehring Co., 455 F.2d 337, 338-39 (5th Cir. 1972) ("It is indeed that rare case where the issue presented in the context of discovery . . . involves a controlling question of law and where an immediate appeal may materially advance the ultimate termination of the litigation."); Borden Co. v. Sylk, 410 F.2d 843, 845 (3d Cir.1969) ("It is a well established principle that the scope and conduct of discovery are within the sound discretion of the trial court.").

7

both of these orders and that they concerned the processing of the bankruptcy case, leave to appeal then is denied. The Court notes that the future processing of this case is properly a matter for the Bankruptcy Court. That court is best equipped to determine if Appellant's petition is subject to dismissal under Section 707(b) or whether a discharge is proper under Section 727. These are core Bankruptcy Court issues that properly are entrusted to the Bankruptcy Court.

### III. CONCLUSION

Accordingly:

**IT IS HEREBY ORDERED** that Appellant's Request for Leave to Appeal is **DENIED** [13].

**SO ORDERED** this 24th day of February, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE