IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
for the
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 11 2010

JAMES N. HATTEN, Clerk
By: Deputy Clerk

---

ON APPEAL

FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

| | | |
|---|---|---|
| In Re: | * | |
| Ronald Andrew Poch, | * | Case No. 08-68429-MHM |
| Debtor | * | Chapter 7 |
| * * * * * * | * | * * * * * * * |
| Ronald Andrew Poch | * | |
| Appellant/Plaintiff, | * | Civil No. 1:09-cv-0450 WSD |
| v. | * | |
| Donald F. Walton, | * | |
| United States Trustee | * | |
| Tamara Miles Ogier | * | |
| Chapter 7 Trustee. | * | |
| Defendant/Appellee. | * | |
| * * * * * * | * | * * * * * * * |

**APPELLANT'S MOTION FOR REHEARING ON JUDGMENT OR FOR AMENDED ORDER**

Comes now Appellant, Ronald Andrew Poch, pursuant to Rule 8015, and moves this Honorable Court For Rehearing on its Judgment dated February 25, 2010, or for an Amended Order, and in support of this Motion, states as follows:

1. When an issue is mentioned in an appellate brief, even briefly, the court may not refuse to consider the argument on a motion for reconsideration. Matter of Coventry Commons Assocs., 29 C.B.C.2d 1259, 155 B.R. 446 (E.D. Mich. 1993).

2. The Appellant seeks reconsideration for leave to appeal two orders which "relate" to the extension of deadlines for discovery in his bankruptcy proceeding.

3. Appellant acknowledges previous court rulings stated in this court's recent ruling denying Appellant leave to appeal, that "*In general*, a discovery order does not present 'controlling questions of law' capable of significantly advancing litigation so as to justify interlocutory appeal".

4. However, Appellant believes that in the totality of circumstances leading up to the discovery dispute lie two controlling questions of law. 1) In pertinent part, the Congressional intent of the 2005 bankruptcy reform act was to initially require the debtor to provide additional paperwork "up front" so as to decrease the need for United States Trustee examinations, judicial/bankruptcy economy, and to provide the debtor with a speedy decision for a grant of discharge or denial by dismissal or an objection to discharge. (Congressional intent was to allow the debtor a speedy administration of his estate so as to permit the debtor to move forward with his economic affairs without unnecessary delay). 2) The requirement of the bankruptcy code and the Trustee Handbook, for the case trustee and the United States Trustee to diligently pursue and administrate debtors estate in an efficient and timely manner, thus fulfilling the congressional mandate of a speedy administration of debtor's estate.

5. There is absolutely no doubt that the United States Trustee has the right to discovery and the review of a debtor's case, but his right is not unfettered or without limitations.

6. The questions of law involve the fundamental right granted to the debtor to equal protection of the bankruptcy rules and procedure, that both Debtor and Trustee must adhere to, and the debtor's right to the speedy and diligent administration of his estate. Both of these rights, Appellant contends were violated by the Trustees of his estate.

7. Appellant has cited several cases in his original brief that reveal that there are differences of opinion on these very questions of law.

8. Appellant also contends that a ruling in his favor would bring an immediate end to this litigation as well as a discharge of his debt.

9. Although the orders appealed "relate" to the extension of discovery and consequently appear as motion practice the totality of circumstances leading up the orders have manifested issues which are much deeper. The issues involve the very processes required by bankruptcy law that were not adhered to by the United States Trustee, and the lack of diligence exhibited the case trustee and the United States trustee in the administration of debtor's estate.

10. The U.S. Trustee filed his Motion to Compel Discovery some thirty-five (35) days after the completion of the § 341(a) meeting of creditors. Therein, the U.S. Trustee listed seven (7) reasons why the court should grant his motion. However, the U.S. Trustee failed to list a reason that was not known to him prior to the § 341(a) meeting – every item he listed was disclosed in Appellant's Statement of Financial Affairs and schedules on May 15, 2008.

11. Moreover, a representative of the U.S. Trustee's office and the U.S, Trustee's chapter 7 Trustee were both present at the § 341(a) meeting, and both spent several hours questioning Appellant about his financial affairs. Obviously, the chapter 7 Trustee was satisfied that Appellant had made full disclosure because she filed her "Trustee's No Distribution Report." One must conclude that the U.S. Trustee was also satisfied with Appellant's disclosure because he did not object to his chapter 7 Trustee's Report. Then, after waiting some 50 days, the U.S. Trustee filed his Motion To Compel Discovery – with no new finding, no new evidence, and no new issues – and without conferring with Appellant.

12. The Bankruptcy Rules strike a balance between the competing interests in the bankruptcy by providing the U.S. Trustee ten (10) days from the date of the § 341 (a) meeting of creditors to review a Debtor's filings, investigate, and if necessary, file a 10-day statement of

abuse[1]. The 10 day time frame set out in Rule 704 cannot be extended. Hence, the bankruptcy court's granting of the U.S. Trustee Motion, when that Trustee clearly failed to diligently investigate Appellant and file the requisite 10 day statement ignores the mandated deadlines in Rule 704 and diminished Appellant's legitimate interest in a prompt and speedy resolution of his bankruptcy case.

13. Again, the U.S. Trustee had all the information listed in his Motion To Compel Discovery when Appellant filed his Statement of Financial Affairs and Schedules on May 15, 2008 – some twenty-six (26) days prior to the June 10, 2008, 341(a) meeting of creditors.

14. As for discovery, the U.S. Trustee's representative, and the chapter 7 Trustee were present at the 341(a) meeting, and they both questioned Appellant extensively, yet the U.S. Trustee waited until the August 11, 2008, the last possible day to request an extension of time.

15. Moreover, this court should take note that, on June 11, 2008, the day after the § 341(a) meeting was concluded, the Chapter 7 Trustee, filed her "final report and final account," wherein she certified that she had "made a diligent inquiry into the financial affairs" of the Appellant, and "the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." She further states that "No party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. 521(i)(2)," and that "Pursuant to FRBP 5009, that Appellant's estate had "been fully administered. <u>The U. S. Trustee never objected to his chapter 7 Trustee's Report.</u>

16. On June 12, 2008, Judge Murphy issued her Order affirming: 1.) That no party of interest has filed a request for an order of dismissal pursuant to 11 U.S.C. § 521(i)(2); 2.) That

[1] [T]he United States trustee…shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under § 707(b).

Debtor is not required to file any further documents pursuant to 11 U.S.C. § 521(a)(1)(B) to avoid automatic dismissal; and, 3.) That Debtor's Bankruptcy Case is not and was not subject to automatic dismissal under 521(i)(1). The U.S. Trustee never objected to Judge Murphy's Order.

17. Fed. R. Bankr. P. 5009[2] clearly states: "If within 30 days [of the filing of the final report] no objection has been filed by the United States trustee or a party in interest" that there is a presumption that the estate has been fully administered." No objection was filed by the United States trustee or by any party in interest "within 30 days" after the chapter 7 Trustee filed her final report, or at any time thereafter.

18. The Notes Of Advisory Committee On Rules - 1991 Amendment, states: "In the absence of a timely objection by the United States trustee or a party in interest, the court may discharge the trustee and close the case pursuant to Sec. 350(a) without the need to review the final report and account or to determine the merits of the trustee's certification that the estate has been fully administered."

19. Appellant argued the statutory requirements of § 5009, § 350, §§'s 704(b)(1)(A), 704(b)(2), and others issues, in Bkrtcy Dkt. #'s 25, 26, 34, 38, 45, 50, 59, & 75, and the United States Trustee did not address them. Precedent holds that a party who fails to brief a legal issue forfeits it; Mathis v. New York Life Ins. Co., 133 F.3d 546, 548 (7th Cir.1998) ("A litigant who fails to press a point by supporting it with pertinent authority . . . forfeits the point."). See also Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990) (the court will not do a party's research); United States v. Brown, 899 F.2d 677, 679 (7th Cir.1990) (this court has no duty to construct legal arguments for litigants). The Appellee failed to "press a point [or any

[2] If in a chapter 7 .... case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a

points in Appellant's Bankruptcy Case] by supporting it with pertinent authority." Therefore, the U.S. Trustee "forfeits the point[s]" raised by Appellant in this Appeal Case.

20. This Court states, in footnote 4 of its Order (pg. 7) that "Appellant's Motion for Immediate Discharge is a 'transparent attempt' to moot the U.S. Trustee's request for an extension of time and to avoid providing the information and records requested by the U.S. Trustee." This statement is incorrect. Appellant filed his Motion For Discharge three days after Appellee filed its Motion to Extend Time (filed 62 days after the meeting of creditors) only because Appellee had grossly failed to comply with Bankruptcy Law and to diligently pursue Appellant's bankruptcy case, and because the Bankruptcy Court had failed to comply with the statutory requirements of § 5009 and § 350.

21. The U.S. Trustee's failure to file the requisite 10 day statement, his waiting 45 days to request discovery without reason for that discovery, and his failure to carry his burden to show that cause existed to extend deadlines, all show that the U.S. Trustee failed to abide by bankruptcy processes.

22. Appellant's Statement of Case, page 4 of Appellant's Appeal Brief, Statement of Issues (pg. 6), Statement of Facts (pg. 7), and Argument (pgs. 10 – 20) clearly and concisely outline the reasons, issues, facts, and arguments to support Appellant's Appeal, and to show why a ruling favorable to Appellant is justified as a matter of law. Accordingly, Appellant adopts Appellant's Appeal Brief (Dkt. # 13) and Appellant's Reply Brief (Dkt. # 17) as if they were fully reproduced herein.

23. The issues presented by Appellant are not complex. There are no motions objecting to Appellant's bankruptcy discharge, and there are no allegations that Appellant acted in bad faith or abused the bankruptcy processes. Hence, allowing the U.S. Trustee additional

time to perform a "fishing expedition" when he failed to diligently investigate Appellant (beyond his initial investigation in the § 341(a) meeting), ignored mandated deadlines without providing "cause," and his diminishing of Appellant's legitimate interest in a prompt and speedy resolution of his bankruptcy case are sufficient reasons for this court to grant Appellant's interlocutory Appeal.

**WHEREFORE,** Appellant moves this Honorable court to grant a Rehearing or to Amend its Judgment to allow Debtor's Appeal to move forward.

Respectfully submitted,

Ronald Andrew Poch, Appellant
33 Waterstone Way
Acworth, Georgia, 30101

I hereby certify that on this 11th day of March 2010, I served copies of this Motion by first class mail on the following parties:

James H. Morawetz
United States Department of Justice
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia, 30303.

Martin P. Ochs
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia, 30303

Ronald Andrew Poch