# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 1:09-cv-0450-WSD |
| RONALD ANDREW POCH, | : | |
| Appellant, | : | Appeal from United States |
| v. | : | Bankruptcy Court for the |
| | : | Northern District of Georgia, |
| DONALD F. WALTON, | : | Case No. 08-68429 |
| United States Trustee, Region 21, | : | |
| Appellee. | : | |

## RESPONSE BY APPELLEE TO
## APPELLANT'S MOTION FOR REHEARING

COMES NOW Appellee Donald. F. Walton, United States Trustee for Region 21, and responds as follows to "Appellant's Motion for Rehearing on Judgment or for Amended Order" (the "Motion") [Docket No. 22] filed in this appeal on March 11, 2010:

The Appellant seeks reconsideration of this Court's judgment entered on February 26, 2010 [Docket No. 21], denying his request for leave to appeal two interlocutory orders entered by the bankruptcy court in his pending bankruptcy case. However, the Motion sets forth no new argument or authority in support of the request for leave to appeal, nor does it identify any point of law or fact that Appellant believes this Court overlooked or misapprehended in denying the request.

The Motion is filed pursuant to Fed. R. Bankr. P. 8015, which authorizes the filing of a motion for rehearing in a bankruptcy appeal within 14 days after entry of judgment by the district court or bankruptcy appellate panel.[1] Rule 8015 is silent as to the appropriate standards for granting such a motion. Accordingly, in applying Rule 8015 some courts have looked for guidance to Federal Rule of Appellate Procedure 40, which specifies that "a petition for panel rehearing" following the entry of judgment by the United States Court of Appeals "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended ..." *See, e.g., In re Fowler*, 394 F.3d 1208, 1215 (9th Cir. 2005); *Matter of Coventry Commons Associates*, 155 B.R. 446, 449 (E.D.Mich., 1993). Other courts, including the District Court for the Middle District of Florida, have "applied the same standard to motions for rehearing under Bankruptcy Rule 8015 as

---

[1] Fed. R. Bankr. P. 8015 provides as follows:

> **Motion for Rehearing.** Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

2

is applied to motions for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b)." *In re Steffen*, 405 B.R. 486, 488 (M.D. Fla. 2009) (citations and internal quotation marks omitted). "Thus, the Court requires the movant to set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Id*. *See also In re Winders*, 202 B.R. 512, 517 (D. Kan. 1996) ("Rule 8015 is silent as to the standard for granting a rehearing, but granting a motion for reconsideration is within the discretion of the court whose order is subject to the motion."); *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998) ("Courts have recognized three grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear and manifest injustice. ... The court will not reconsider when a motion does not raise new issues, but only relitigates what has already been found lacking.").

Because the present Motion neither sets forth any new argument, authority or facts in support of Appellant's request for leave to appeal nor specifies any point of law or fact that this Court overlooked or misapprehended in denying that request, it establishes no basis for reconsideration of this Court's decision.

WHEREFORE, the United States Trustee respectfully requests the Court to enter an order denying the Motion.

<pre>
                                          DONALD F. WALTON
                                          United States Trustee
                                          Region 21

                                          s/ *James H. Morawetz*
                                          JAMES H. MORAWETZ
                                          Trial Attorney
                                          Georgia Bar No. 521900
</pre>

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303
Tel: (404) 331-4437
Fax: (404) 331-4464
E-mail: jim.h.morawetz@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that on this date I caused a true and correct copy of the foregoing Brief to be deposited in the U.S. Mail, first class postage prepaid, addressed as follows:

Ronald Andrew Poch
33 Waterstone Way
Acworth, GA 30101

Done this the  17th  day of March, 2010.

<pre>
                                          s/ *James H. Morawetz*
                                          JAMES H. MORAWETZ
                                          Trial Attorney
</pre>