**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

**RONALD ANDREW POCH,**

Appellant,

v.

**DONALD F. WALTON, United States Trustee, Region 21; TAMARA MILES OGIER, Chapter 7 Trustee,**

Appellees.

**1:09-cv-0450-WSD**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Appellant Andrew Poch's ("Appellant")

Motion for Rehearing On Judgment Or For Amended Order [22].

**I.     BACKGROUND**

On May 5, 2008, Appellant commenced his bankruptcy case by filing a

voluntary petition for relief under chapter 7 of the Bankruptcy Code.

On January 30, 2009, the Bankruptcy Court entered an interlocutory order

which extended the deadline for Appellee Donald F. Walton ("Appellee") to file

certain motions in the bankruptcy action because Appellant had failed to provide

requested discovery.  As a consequence of that extension, the Bankruptcy Court

denied Appellant's request for immediate discharge of the bankruptcy action. Appellant requested leave to appeal these two interlocutory orders to the District Court.

On February 26, 2010, this Court entered its Order denying Appellant's request for leave to appeal (the "Order"). The Order found that there was not any basis to grant leave to appeal the two interlocutory bankruptcy court orders because (i) they did not present any significant questions of controlling law, or (ii) there was not a substantial ground for difference of opinion as to any question of law at issue in the orders. The Court found that the two bankruptcy court orders were discretionary orders relating to the processing of the bankruptcy action.

Appellant moves for rehearing of the Order.

## II.    DISCUSSION

Appellant's Motion for Rehearing is filed pursuant to Rule 8015 of the Federal Rule of Bankruptcy Procedure ("Rule 8015"), which states:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of subsequent judgment.

Fed. R. Bankr. P. 8015. Rule 8015 does not provide a standard for considering a rehearing. Courts in this Circuit have "applied the same standard to motions for rehearing under Bankruptcy Rule 8015 as is applied to motions for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b)." In re Steffen, 405 B.R. 486, 488 (M.D. Fla. 2009) (citing In re Envirocon Int'l Corp., 218 B.R. 978, 979 (M.D. Fla.1998); Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Federal Rules of Civil Procedure 59(e) and 60(b) permit the Court to alter or amend its judgments or to provide a party with relief from a judgment or order, respectively. A motion under these rules is generally appropriate only where there is (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd , 87 F.3d 1242 (11th Cir. 1996); see also Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997). A motion under Rules 59(e) and 60(b) should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for

reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

In In re Fowler, 394 F.3d 1208, 1214-15 (9th Cir. 2005), the Ninth Circuit considered Federal Rule of Appellate Procedure 40 ("Rule 40") when applying Rule 8015. Rule 40 states that "a petition for panel rehearing" following entry of judgment "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended. See In re Fowler, 395 F.3d at 1215.

Appellant's motion for rehearing fails to identify any particular error of fact or law in the Order.[1] It does not cite any newly discovered evidence. It does not identify any intervening development or change in controlling law. Appellant's Motion for Rehearing instead reiterates arguments previously made and asks the Court to reconsider its decision based on the "totality of the circumstances." This is not a proper ground for rehearing and Appellant's Motion for rehearing is denied. See Pres. Endangered Areas, 916 F. Supp. at 1560.

---

[1] Paragraph 20 of the Motion for Rehearing states that the Court incorrectly characterized his Motion for Immediate Discharge as a "transparent attempt" to avoid participating in discovery. The Court believes this characterization is correct and the Court finds no error in its interpretation of Appellant's likely intent when he filed the Motion for Immediate Discharge. And even if this characterization were in error, the Court would have reached the same conclusion in the Order.

## III. CONCLUSION

Accordingly:

**IT IS HEREBY ORDERED** that Appellant Andrew Poch's ("Appellant")

Motion for Rehearing On Judgment Or For Amended Order [22] is **DENIED** [13].

**SO ORDERED** this 19th day of May, 2010.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE